MICHAEL A. LICARI (BAR NO. CA 265241)
D'Egidio Licari & Townsend, APC
Attorneys at Law
5402 Ruffin Rd. Ste. 209
San Diego, CA 92123
Telephone: (619) 550-3011
Facsimile: (877) 888-6304

Attorneys for Plaintiff Vicki L. Wimbush

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SA CV14 01408-JLS(DFMx)

VICKI L. WIMBUSH,

    Plaintiff,

v.

WIMBUSH & ASSOCIATES, INC., a California Corporation;
THE HIRE TALENT a California business; and
FLETCHER FORREST WIMBUSH, an individual,

    Defendants.

Case No.:

COMPLAINT FOR COPYRIGHT INFINGEMENT UNDER 17 U.S.C. § 501, FRAUD, NEGLIGENT MISREPRESENTATION, NEGLIGENCE, BREACH OF CONTRACT, CONVERSION, UNJUST ENRICHMENT RESTITUTION, UNLAWFUL AND UNFAIR BUSINESS PRACTICES IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200, ACCOUNTING, DECLARATORY JUDGMENT

## THE PARTIES

1.    Plaintiff VICKI L. WIMBUSH ("Plaintiff") is an individual residing in Colorado and Defendant Fletcher Forrest Wimbush's step-mother.

2.    Defendant WIMBUSH & ASSOCIATES, INC. ("Defendant WA") is a California corporation with its principal place of business located at 519 Cherry St. Brea, CA 92821.

3.    Defendant WA is in the business of assisting employers with hiring employees.

4.    Based on information and belief, Defendant THE HIRE TALENT ("Defendant THT")

is a fictitious business name of Defendant WA with its principal place of business located at 519 Cherry St. Brea, CA 92821.

5. Defendant FLETCHER FOREST WIMBUSH ("Defendant FLETCHER") is an individual residing in California and conducting business in California.

6. The true names or capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1-50, inclusive, are unknown to Plaintiff who therefore sues these Defendants by their fictitious names. Each of said fictitiously named Defendants, whether acting for itself or as its agents, corporations, associations, limited liability companies, or otherwise, is in some way liable or responsible to Plaintiff on the facts herein alleged and caused the injury or damages proximately thereby as hereinafter alleged. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities of these Defendants when and if the same are ascertained.

7. Plaintiff is informed and believes and thereon alleges that, at all times herein alleged, each of the Defendants, including DOES 1-25, inclusive, was the agent, servant, employee or authorized representative of each of the remaining Defendants, and was acting within the course, scope and purpose of said agency, employment or service with the knowledge, consent, and permission of the other Defendants. Each of the Defendants DOES herein 26-50 were the conspirator with, aided and abetted the other defendants' conduct, or acted in concert with the other Defendants in causing the harm alleged herein.

## JURISDICTION

8. This Court has jurisdiction over the parties and the subject matter of this action pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has subject matter jurisdiction over Plaintiff's claim for copyright infringement and related claims pursuant to the United States Copyright Act, 17 U.S.C. §§ 101, *et seq.*, as is more fully set forth below. The acts of the Defendants, as complained of herein, were committed in California, among other places, and caused Plaintiff to suffer damages in Colorado.

10. This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of California pursuant to 28 U.S.C. 1367(a) because these claims are so related to Plaintiff's

2

claims under Federal Law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

11. This Court has personal jurisdiction over Defendants. Defendant FLETCHER lives in California. All Defendants solicit, transact, and are doing business within the state of California and have committed unlawful and tortuous acts both within and outside the state of California causing injury in California and Colorado. Plaintiff's claims arise out of the conduct that gives rise to personal jurisdiction over Defendants.

## VENUE

12. Venue is proper in the District Court for the Southern District of California pursuant to 28 U.S.C. § 1391. The wrongful acts complained of herein were committed in the State of California, among other places, which have caused Plaintiff to suffer injuries and losses in the State of Colorado.

## GENERAL ALLEGATIONS

13. Kingsley Wimbush ("Mr. Wimbush") is Plaintiff's deceased spouse and Defendant Fletcher's biological father.

14. Mr. Wimbush owned 100% of Wimbush & Associates, Inc. and numerous registered copyrights used by the corporation, a list of which is attached hereto as Exhibit 1 (the "Copyrights"). The Copyrights and the use thereof is the primary subject of this lawsuit.

15. The Copyrights are original works copyrighted under the United States Copyright Law, which, in short, involve assessment tests used to evaluate potential employees.

16. Mr. Wimbush applied to the copyright office and received a certificate of registration for Copyrights for the test prior to his death.

17. Mr. Wimbush died in March of 2013. At the time of his death, Mr. Wimbush had a Living Trust dated July 20, 2010, which Trust was amended on August 19, 2010. (Collectively, the "Trust Agreement").

18. The Trust Agreement provided, *inter alia*, the following:

**Specific Distribution of Copyrights and Royalties to VICKI L. WIMBUSH**

"Upon my death, my Trustee shall distribute ten percent (10%) of the gross

revenues generated from any and all of the copyrighted tests owned by me as royalties and copyrights to VICKI L. WIMBUSH, free of trust, during her lifetime. Upon the death of such beneficiary, this gift shall lapse and my Trustee shall distribute and deliver these royalties to FLETCHER FOREST WIMBUSH"

19. The Trust further provided that upon Mr. Wimbush's death, all stock in Defendant WA shall be distributed to Defendant Fletcher.

20. Accordingly, in summary, Defendant Fletcher owns 100% of Defendant WA subject to the obligation to pay Plaintiff ten percent (10%) of the gross revenues generated from any and all use of the copyrighted test.

21. While Defendant WA has indeed paid certain royalties to Plaintiff, upon information and belief, the Defendants are reproducing the Copyrights for Defendants' own use and not paying royalties to Plaintiff in certain circumstances including, but not limited to, during recruiting activities, during consulting activities, and by and through use of the Copyrights by Defendant THT.

22. Based on information and belief, Defendant Fletcher has exercised complete control and domination of the finances, policies and business practices of Defendant WA to the extent that Defendant WA had no existence of its own.

23. Based on information and belief, Defendant Fletcher failed to observe the corporate formalities and in addition, other officers were absent in playing any functioning roles with respect to the operations of Defendant WA.

24. Based on information and belief, In Defendant Fletchers position as the controlling shareholder, Defendant Fletcher has and continues to treat Defendant WA as his own.

25. Such control was used by Defendant Fletcher to commit violations of his statutory duty to Defendant WA, which has resulted in the unauthorized use of the Copyrights.

26. Based on information and belief, Defendant WA was operated as the alter ego of Defendant Fletcher, and the corporate entity should be disregarded and Defendant WA and Defendant Fletcher treated as the same person for the purposes of liabilities incurred by Defendant WA.

27. The breach of fiduciary duty and the acts of conversion committed by Defendant Fletcher constitute torts for which an officer of a corporation is individually liable. In such regards, there are sufficient grounds, in and of themselves, for disregarding the corporate form of Defendant WA and extending personal liability to Defendant Fletcher for corporate obligations.

## FIRST CAUSE OF ACTION

### (Copyright Infringement - 17 U.S.C. § 501)

28. Plaintiff alleges and incorporates by reference all allegations contained in paragraphs 1 through 27 above, inclusive, as though fully set forth herein.

29. At all times relevant hereto, Plaintiff has been the beneficiary and rightful owner of the Copyrights through the Trust Agreement initiated at the time of Mr. Wimbush's death.

30. For each of the works at issue in this matter, Mr. Wimbush has obtained a copyright registration certificate from the United States Copyright Office.

31. Without authorization, Defendants are using the Copyrights and not paying royalties to Plaintiff in certain circumstances including, but not limited to, during recruiting activities, during consulting activities, and by and through use of the Copyrights by Defendant THT.

32. As described above, Plaintiff never authorized Defendants to reproduce the Copyrights for Defendants' own use.

33. Defendants have infringed the Copyrights in Plaintiff's creative works for Defendants' own use without proper approval or authorization of Plaintiff.

34. Defendants knew the infringed works belonged to Plaintiff and Defendants knew of the obligation to pay Plaintiff royalty fees in order to use or reproduce and use such Copyrights.

35. Defendants knew their acts constituted copyright infringement.

36. Defendants' conduct was willful and intentional within the meaning of the Copyright Act.

37. As a result of Defendants' wrongful conduct, Defendants are liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501. Plaintiff has suffered, and will continue to suffer, damages, including, but not limited to, substantial losses for unpaid royalties.

38. Pursuant to 17 U.S.C. § 504, Plaintiff is entitled to recover damages as a result of

Defendants' wrongful conduct.

39. In addition, due to Defendants' willful infringement, Plaintiff is entitled to an appropriate award of enhanced damages under 17 U.S.C. § 504(c)(2).

40. Plaintiff is further entitled to preliminary and final injunctions pursuant to 17 U.S.C. §502 restraining the Defendants, their agents, principals and employees, and all persons acting in concert with them, from engaging in any further acts in violation of the copyright laws.

41. As per 17 U.S.C. § 503, Plaintiff orders the impoundment of all the reproduced Copyrights.

42. Plaintiff is entitled to recover from the Defendants' the actual damages sustained by Plaintiff, enhanced damages, costs and attorney's fees. 17 U.S.C. §§ 504-505. In addition, Plaintiff is entitled to recover all gains and profits realized by the Defendants as a consequence of its infringing activities, pursuant to 17 U.S.C. § 504(b).

## SECOND CAUSE OF ACTION

### (Fraud)

43. Plaintiff alleges and incorporates by reference all allegations contained in paragraphs 1 through 42 above, inclusive, as though fully set forth herein.

44. By the terms of the Trust Agreement, Defendants were obligated and promised to pay Plaintiff for reproducing and using the Copyrights.

45. Defendants' representation was false, however, because Defendants have failed to pay Plaintiff the royalties owed to Plaintiff for Defendants' extensive use of the Copyrights in certain circumstances including, but not limited to, during recruiting activities, during consulting activities, and by and through use of the Copyrights by Defendant THT.

46. Defendants knew that representing to Plaintiff that the royalties would be paid for any and all use of the Copyrights was untrue when such representations were made because Defendants still continue to use the Copyrights for its benefit without obtaining Plaintiff's consent or paying Plaintiff the royalties owed.

47. Defendants intended that Plaintiff rely on the representation in order to use such Copyrights for their benefit.

48. Plaintiff reasonably relied on Defendants' representation that royalties would be paid for the use of the Copyrights.

49. Plaintiff was harmed in the amount of unpaid royalty fees.

50. Plaintiff's reliance on Defendants' representation that royalty fees would be paid to her was a substantial factor in causing her harm.

### THIRD CAUSE OF ACTION

(Negligent Misrepresentation)

51. Plaintiff alleges and incorporates by reference all allegations contained in paragraphs 1 through 42 above, inclusive, as though fully set forth herein.

52. Defendants represented to Plaintiff that royalty fees would be paid to Plaintiff reproducing and using the Copyrights.

53. Defendant's representation was false, nonetheless, because Defendants have failed to pay Plaintiff the royalties owed to Plaintiff for Defendants' extensive use of the Copyrights in certain circumstances including, but not limited to, during recruiting activities, during consulting activities, and by and through use of the Copyrights by Defendant THT.

54. Although Defendants may have honestly believed that the representation was true, Defendants had no reasonable grounds for believing the representation to be true when Defendants promised to pay royalties to Plaintiff for the use of the Copyrights.

55. Defendants intended that Plaintiff rely on such representations in order to use such Copyrights for their benefit.

56. Plaintiff was harmed in the amount of unpaid royalty fees.

57. Plaintiff's reliance on Defendants' representation that royalty fees would be paid to her was a substantial factor in causing her harm.

### FOURTH CAUSE OF ACTION

(Negligence)

58. Plaintiff alleges and incorporates by reference all allegations contained in paragraphs 1 through 42 and 51 through 57 above, inclusive, as though fully set forth herein.

59. Defendants owed a duty to pay Plaintiff royalty fees for usage of the Copyrights.

7

PLAINTIFF VICKI L. WIMBUSH COMPLAINT

However, Defendants breached its duty by reproducing and using the Copyrights during recruiting activities, during consulting activities, and by and through use of the Copyrights by Defendants THT without obtaining Plaintiff's consent and paying royalties to Plaintiff for such usage.

60. Plaintiff was harmed in the amount of unpaid royalty fees.

61. Defendants' negligence in failing to pay Plaintiff the proper royalty fees was a substantial factor in causing Plaintiff's harm.

## FIFTH CAUSE OF ACTION

### (Breach of Contract)

62. Plaintiff alleges and incorporates by reference all allegations contained in paragraphs 1 through 61 above, inclusive, as though fully set forth herein.

63. In the alternative, Plaintiff and Defendants entered into an "implied" contract through the Trust Agreement and through course of conduct.

64. Plaintiff performed all, or substantially all, of the significant items that the agreement required her to do in terms of holding ownership to the Copyrights.

65. Defendants failed to pay the royalties that the Trust Agreement requires in order to use the Copyrights in the circumstances in which Defendants have used the Copyrights including, but not limited to, during recruiting activities, during consulting activities, and by and through use of the Copyrights by Defendant THT. Consequently, Defendants are prohibited from reproducing or using the Copyrights.

66. Plaintiff was harmed by Defendants' failure to pay the required royalties to reproduce and use the Copyrights.

## SIXTH CAUSE OF ACTION

### (Conversion)

67. Plaintiff alleges and incorporates by reference all allegations contained in paragraphs 1 through 66 above, inclusive, as though fully set forth herein.

68. Defendants were obligated to pay Plaintiff ten percent (10%) in royalties for their use of the Copyrighted test owned by Plaintiff.

69. Defendants intentionally and substantially interfered with Plaintiff's Copyright by using the test without Plaintiff's authorization and failing to pay any royalties to Plaintiff without Plaintiff's consent.

70. Plaintiff was harmed through Defendants' substantial interference with Plaintiff's copyright and Defendants resulting failure to pay any royalties to Plaintiff.

## SEVENTH CAUSE OF ACTION

### (Unjust Enrichment/Restitution)

71. Plaintiff alleges and incorporates by reference all allegations contained in paragraphs 1 through 70 above, inclusive, as though fully set forth herein.

72. Defendant owes Plaintiff all unpaid royalties to reproduce and use the Copyrights in certain circumstances including, but not limited to, during recruiting activities, during consulting activities, and by and through use of the Copyrights by Defendant THT.

73. Defendants received money through the unauthorized use of the Copyrights for which such payments were intended to be used for the benefit of Plaintiff.

74. Such money was not used for the benefit of Plaintiff and instead, Defendants used the money for their benefit.

75. Defendant has not given the money to Plaintiff for the unpaid royalty fees due for the Copyright use in such circumstances listed above.

## EIGHTH CAUSE OF ACTION

### (Unlawful and Unfair Business Practices in Violation of Cal. Bus. & Prof. Code § 17200)

76. Plaintiff alleges and incorporates by reference all allegations contained in paragraphs 1 through 75 above, inclusive, as though fully set forth herein.

77. Plaintiff is the sole owner of the aforementioned Copyrights and is owed ten percent (10%) royalties for all uses of the Copyrights.

78. Defendants' reproduction and use of the Copyrights in certain circumstances including, but not limited to, during recruiting activities, during consulting activities, and by and through use of the Copyrights by Defendant THT, constitute an infringement of Plaintiff's rights.

79. Defendants' wrongful and unlawful reproduction and use of the Copyrights constitute unlawful, unfair, and fraudulent business acts in violation of the California Business and Professions Code § 17200.

80. As a direct and proximate result of Defendants' illegal activities, Plaintiff suffered damages in lost royalties.

## NINTH CAUSE OF ACTION

(Accounting)

81. Plaintiff alleges and incorporates by reference all allegations contained in paragraphs 1 through 80 above, inclusive, as though fully set forth herein.

82. As per the Trust Agreement and based upon the familial relationship both Plaintiff and Defendant Fletcher hold, a fiduciary relationship exists.

83. A balance due from the Defendant Fletcher to Plaintiff can only be ascertained by an accounting.

## TENTH CAUSE OF ACTION

(Declaratory Judgment)

84. Plaintiff alleges and incorporates by reference all allegations contained in paragraphs 1 through 83 above, inclusive, as though fully set forth herein.

85. Defendants have reproduced and used the Copyrights owned by Plaintiff without Plaintiffs authorization in certain circumstances including, but not limited to, during recruiting activities, during consulting activities, and by and through use of the Copyrights by Defendant THT.

86. Plaintiff demands that Defendants pay Plaintiff the appropriate royalty fees for such usage of the Copyrights.

87. A judicial determination resolving this actual controversy is necessary and appropriate at this time.

88. Under the Trust Agreement, Plaintiff seeks clarification on whether the rights in the Copyrights transfer upon her death or if the Copyrights pass to Fletcher.

///

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered in its favor and against the Defendants, and that it be awarded the following specific relief:

    a.    Pursuant to 17 U.S.C. § 502, Defendants, their agents, principals, and employees, and anyone else acting in concert with them, be permanently enjoined from reproducing or using the Copyrights for Defendants' benefit.

    b.    Pursuant to 17 U.S.C. § 503, Defendants and each of them be ordered to impoundment of any and all reproduced Copyrights.

    c.    Defendants be ordered to account to Plaintiff for all profits, gains and advantages which they have realized as a consequence of such infringement.

    d.    Pursuant to 17 U.S.C. § 504(b), entry of judgment for Plaintiff and against Defendants for all damages sustained by Plaintiff, and for all profits, gains and advantages which Defendants have realized, as a consequence of Defendants' infringement and wrongful conduct.

    e.    Entry of judgment for Plaintiff and against the Defendants for enhanced damages pursuant to 17 U.S.C. § 504(d).

    f.    Pre-judgment and post judgment interest on all damage awards;

    g.    Plaintiff be awarded its costs and attorney's fees incurred herein, pursuant to 17 U.S.C. § 505;

    h.    Punitive Damages; and

    i.    Plaintiff be awarded such other and additional relief as the Court deems just and proper.

Respectfully submitted this 29th day of August, 2014.

By: _____
Michael A. Licari
Attorney for Plaintiff

EXHIBIT 1

## SCHEDULE A - COPYRIGHTS
(Includes all renewals and extensions and all works based upon or derived from, the Copyrights)

| Copyright Description | Certificate Number |
| --- | --- |
| How to Hire Competent and Profitable Employees | TX1-393-633 |
| Hiring A Series | TX3-849-615 |
|  | TX3-979-151 |
| Opinion Seekr | TX4-382-219 |
| Trait Seekr | TX4-382-220 |
| Opinion Survey VI | TX4-382-221 |
| Executive Aptitude Profile | TX4-382-222 |
| Opinion Survey VII | TX4-384-960 |
| Motivation Through Discipline Series | TX4-417-715 |
| Detail Test | TX4-447-306 |
| Opinion Survey VII | TX4-491-190 |
| Executive Aptitude Profile | TX4-544-111 |
| The Exchange Diagram | TX4-544-112 |
|  | TX4-544-113 |
| Executive Aptitude Profile | TX4-597-749 |
| Wimbush Aptitude Assessment 1 | TX4-958-908 |
| Wimbush Aptitude Assessment 2 | TX4-958-982 |
| Opinion Survey VIII | TX4-958-983 |
| How to Hire Super Team Players | TX5-876-458 |
| Wimbush Aptitude Assessment 1A | TX5-971-509 |

## SCHEDULE A – COPYRIGHTS (Continued)
(Includes all renewals and extensions and all works based upon or derived from, the Copyrights)

| Copyright Description | Certificate Number |
|---|---|
| Wimbush Aptitude Assessment 2A | TX5-971-510 |
| Short Opinion Survey IX | TX5-971-511 |
| Short Aptitude Assessment 1 | TX5-971-512 |
| Short Aptitude Assessment 2 | TX5-971-513 |
| Opinion Survey IX | TX5-971-514 |
| Motivation Through Discipline | TX5-971-515 |
| Predictor 1-SL | TX6-338-911 |

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Vicki L. Wimbush

### DEFENDANTS
Wimbush & Associates INC., The Hire Talent, and Fletcher Forest Wimbush

(b) County of Residence of First Listed Plaintiff: **Colorado**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **County of Orange**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Michael A. Licari
D'Egidio, Licari & Townsend, APC
5402 Ruffin Rd. Ste. 209

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☒ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 340 Marine | LABOR | SOCIAL SECURITY | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / PERSONAL PROPERTY | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | | FEDERAL TAX SUITS | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | IMMIGRATION | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / Other: | ☐ 465 Other Immigration Actions | | |
| | / ☐ 540 Mandamus & Other | | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
17 USC 101 et seq.
Brief description of cause:
Copyright Infringement

SA CV14 01408-JLS(DFMx)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE N/A
DOCKET NUMBER

DATE: 09/02/2014
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE